DAVID BRADLEY MANUF'G CO. v. EAGLE MANUF'G CO.

(Circuit Court of Appeals, Seventh Circuit. October 6, 1893.)

No. 22.

1. JUDGMENT—RES JUDICATA—PATENTS FOR INVENTIONS.
Where a suit for infringement of a patent is brought against a firm that is a branch of the company that manufactures the infringing device, and such company conducts the defense, raising the question of validity of the patent, a decree for complainant is conclusive as to the validity of the patent as against the company conducting the defense, even in regard to alleged anticipations not referred to in the suit, since under the issues all anticipatory inventions might have been shown in defense. 50 Fed. Rep. 193, affirmed.

2. SAME.
Such decree is none the less conclusive because it was merely interlocutory at the bringing of the suit in which it is set up as a bar, and subsequently ripened into a final decree.

**3. SAME—PLEADING AND PROOF.**

Where such interlocutory decree in the first suit was alleged in the second bill, a final decree in the first suit, rendered pending the second suit, may be shown in evidence therein without supplemental pleading, where defendant took no exceptions to the bill, consented to the introduction of the final decree in evidence so far as the same was material, and only objected thereto on the ground that in rendering such decree the court erred through failure to understand the operation of an alleged anticipatory invention.

**4. SAME—WAIVER.**

Taking testimony in the second suit as to the validity of the patent is not a waiver of the bar of the final decree in the former suit where such testimony was taken before said final decree was rendered, since until rendition of the final decree the proceedings in the first suit were no bar.

**5. SAME—DECREE ON STIPULATION.**

In a suit to restrain infringement of a patent and to obtain an accounting, an interlocutory decree was rendered, granting a temporary injunction, and afterwards a final decree, making the injunction perpetual, and awarding only nominal damages, was rendered upon a stipulation which provided that such decree should not be a bar to the recovery of substantial damages in a subsequent suit. *Held,* that the decree was conclusive as to the validity of the patent, the stipulation only affecting its force as an adjudication on the subject of damages.

Appeal from the Circuit Court of the United States for the Northern District of Illinois.

In Equity. Bill by the Eagle Manufacturing Company against the David Bradley Manufacturing Company to enjoin infringement of a patent. Complainant obtained a decree. 50 Fed. Rep. 193. Defendant appeals. Affirmed.

Statement by JENKINS, District Judge:

The appellee, on the 11th day of June, 1888, filed its bill in the court below to restrain the alleged infringement by the present appellant of letters patent of the United States No. 242,497, dated the 7th day of June, 1881, issued to Edgar A. Wright for improvements in cultivators. The bill, besides the usual averments in such suits, charged that on December, 1887, the complainant (the present appellee) "commenced suit by bill in chancery against David Bradley & Co. in the circuit court of the United States for the southern district of Iowa to restrain the said David Bradley & Co. from infringing the aforesaid letters patent; that the said David Bradley & Co. is and was a branch house of the David Bradley Manufacturing Company, the defendant herein, and was engaged in selling the identical cultivators manufactured by the defendant herein; that the defendant herein undertook and managed the defense of said suit against its branch house, employing counsel for that purpose, and conducting the defense, but it conducted the defense in the name of the said branch house, the defendant named of record; that the defendant herein, answering said bill in the name of the said branch house, denied the validity of said letters patent, and any infringement thereof, to which answer a replication was filed by your orator, and thereupon your orator and the defendant proceeded to take and took their respective proofs, and, the same having been taken, the said cause was heard on final hearing at the May term of said court at Des Moines, A. D. 1888. And the said court, having considered the proofs and the arguments of counsel, did adjudge and decree that the said David Bradley & Co. had infringed the said letters patent, and did enjoin the aforesaid David Bradley & Co. from further infringement thereof, which said decree remains in full force and unreversed; all of which proceedings and things will more fully appear by a certified copy of the records of said court, which your orator is ready at any time to produce in court, as may be directed; and your orator attaches hereto a certified copy of said decree, marked 'Exhibit C.' And your orator further shows that the cultivators sold by the said David Bradley & Co. were made by the de-

fendant herein under letters patent of the United States No. 243,123, to C. A. Hague, dated June 21, 1881, and No. 270,629, to B. C. Bradley, January 16, 1883, which said patents were issued to the Furst & Bradley Manufacturing Company as assignee of said Hague and Bradley, and passed to the defendant herein, the successor of the said Furst & Bradley Manufacturing Company. The said cultivators as made by the defendant are correctly shown by the drawings in the said letters patent to said B. C. Bradley."

The decree referred to in the bill as "Exhibit C" is as follows: "This cause came on to be finally heard upon the pleadings and proofs, and was argued by counsel for the respective parties, and, the pleadings and proofs having been duly considered, it is hereby, this 23d day of May, 1888, ordered, adjudged, and decreed as follows, viz.: The letters patent referred to in complainant's bill, being letters patent of the United States, granted unto Edgar A. Wright, for improvements in cultivators, No. 242,497, and dated June 7, 1881, is a good and valid patent; and that the said Edgar A. Wright was the first and original inventor of the improvements therein described and claimed; and that the said complainant had at the commencement of this cause a good and legal title to said letters patent No. 242,497, as averred in complainant's bill; and that the said defendant has infringed the said patent, and upon the exclusive rights of the complainant under the same, as claimed in the first four claims of said patent. And it is further ordered, adjudged, and decreed that the defendant above named, its servants, agents, operatives, and workmen, each and every one of them, be, and they are, perpetually enjoined and restrained from either directly or indirectly making, using, or selling to others to be used, cultivators constructed and operated in the manner and upon the principle described in said letters patent of the United States No. 242,497. And it is further ordered, adjudged, and decreed that the complainant recover of the defendant the profits which it has received or made or which have accrued to it by the use or sale of the improvements described and secured by said letters patent at any and all times since June 7, 1881, and also the damages which the complainant has sustained thereby. And as it does not appear to the court what said profits and damages are, it is further ordered, adjudged, and decreed that this cause be referred to George F. Henry, Esq., a master of this court, to take and report to the court an account of the profits which the defendant has received, or which have arisen or accrued to it from the use or sale of said improvements, and to ascertain and report the damages which the complainant has sustained thereby since June 7, 1881, from the papers and evidence in the cause, and from any evidence which either party may produce before him of the same; and when he shall have taken an account of said profits and assessed said damages he shall return the same to this court for further action in the premises. And it is further ordered, adjudged, and decreed that the complainant on such accounting has the right to cause an examination of the officers, agents, and employes of the defendant ore tenus or otherwise, and also the production before said master at such time as said master may order of the books, vouchers, and documents of the defendant, and that the officers of said defendant attend before said master from time to time within this district as said master shall direct. And it is further ordered that the question of increase of damages, and all other questions, be reserved until the coming in of the master's report. And it is ordered that the parties and master may apply on the foot of this decree for such other and further order of instruction as may be necessary. And it is further ordered, adjudged, and decreed that the complainant recover of the defendant the costs of this suit to be taxed."

The answer of the defendant (the present appellant) contains the following admissions respecting such charges: "Fourth. This defendant, further answering, admits that a suit was commenced by the Eagle Manufacturing Company, the complainant herein, against David Bradley & Co. in the circuit court of the United States for the southern district of Iowa, substantially as in said bill alleged. They admit that said David Bradley & Co. was and is a separate corporation, and in part a branch house or agency of this defendant, and was engaged in selling, with other machinery, cultivators manufactured by this defendant. They admit that said suit was to a certain extent defended by this defendant. They admit that pleadings were filed, and proofs

taken, as set forth in said bill. Fifth. This defendant, further answering, admits that said last-named suit was heard at the time and place alleged in said bill, and that a decree was rendered adjudging that said David Bradley & Co. had infringed the said letters patent No. 243,497, and that the said David Bradley & Co. was enjoined from further infringement thereof; but this defendant avers that in said cause the finding of the court was against the defendant, largely, if not wholly, by reason of the said court not understanding the operation of the machine shown in one of the patents set up as anticipating the supposed invention of complainant's patent, to wit, the Dalton patent of 1869; and this defendant has reason to believe, and does believe, that if the court had fully understood the machine of said patent, the finding and decree would have been different. Sixth. This defendant, further answering, admits that the cultivators sold by the said David Bradley & Co. were made by this defendant under and in accordance with letters patent of the United States No. 243,123, dated June 21, 1881, to C. A. Hague, and No. 270,629, dated January 16, 1883, to B. C. Bradley."

There was given in evidence in this suit the following admission by the defendant: "In the suit pending in the circuit court of the United States for the southern district of Iowa, wherein the Eagle Manufacturing Company is complainant, and David Bradley & Co. defendant, and which suit was brought to restrain the infringement of the letters patent in suit herein, the defendant in this cause, the David Bradley Manufacturing Company, employed counsel, took charge of and conducted the defense of said suit in the name of the said Bradley & Co., and paid the expenses thereof. This was done by the defendant herein, the same as it would be done by it for any agent, branch house, or customer engaged in selling implements purchased of the defendants, if sued for infringement of a patent on account of selling such goods."

It also appeared in evidence that in the suit in the circuit court of the United States for the southern district of Iowa against David Bradley & Co., the master, to whom the cause was referred to ascertain and report the complainant's damages, on or before October 15, 1889, reported to the court as follows: "That the complainant has already brought suit against the manufacturer of the cultivators which were sold by the defendant, electing to recover in full of said manufacturer all profits and damages arising from the sales by the defendant herein as well as other profits and damages, and for that reason will offer no proof of profits and damages in the cause. Accordingly the master reports that the complainant is entitled to recover the sum of one cent nominal damages and costs."

This report was made pursuant to the following stipulation of the parties: "It is hereby mutually agreed by and between the Eagle Manufacturing Company and the David Bradley Manufacturing Company, on this 25th day of September, 1889, as follows, to wit: That said Eagle Manufacturing Co. may cause the master in the case of Eagle Manufacturing Co. v. David Bradley & Company, pending at Des Moines, Iowa, in the United States circuit court for the southern district of Iowa, to return to the court the annexed report; and the action of the court thereon shall not be claimed by said David Bradley Manufacturing Co. to be a bar to the recovery by the Eagle Manufacturing Company of the said David Bradley Manufacturing Company of all damages and profits, if any, arising from the sale of the cultivators by the said David Bradley & Co. in violation of the letters patent 242,497, to E. A. Wright, and by him assigned to the Eagle Manufacturing Co."

On the 23d day of October, 1889, the following written stipulation was signed and filed in the cause: "The following proofs were offered in evidence in said cause this 23d day of October, 1889: The complainant appeared by Nathaniel French, its solicitor, and the defendant, though not appearing, consented in writing to the introduction of said proofs, in so far as the same are material; and thereupon the complainant offered in evidence the final decree of the circuit court of the United States for the southern district of Iowa in the case of Eagle Mfg. Co. v. David Bradley & Co., which same is marked 'Complainant's Exhibit Bradley Final Decree;' and thereupon the complainant offered in evidence a stipulation entered into by defendant in regard to the testimony of E. A. Wright, A. K. Raff, G. W. French and E. P. Lynch, taken in the case of Eagle Mfg. Co. v. Miller, pending in the circuit

court of the United States for the southern district of Iowa, together with a copy of said depositions and the exhibits therein referred to. The complainant also offered in evidence the admission of the defendant that it conducted the defense in the said suit of Eagle Mfg. Co. v. David Bradley & Co., and also a copy of letters patent No. 226,833, to B. C. Bradley, dated April 27, 1880; and therupon the complainant announced that its case was closed. The defendant herein hereby consents to the foregoing proceedings."

Under such stipulation the complainant offered and read in evidence the final decree of the circuit court of the United States for the southern district of Iowa in the case referred to, as follows: "This case coming on for hearing on October 15, 1889, being the first day of the May term of said court, on the report of the master, and thereupon, in addition to the matters adjudged and decreed in the decree hereinbefore rendered on May 23, 1888, it is now ordered, adjudged, and decreed that the report of the master be confirmed, and that the complainant have and recover of the defendant the sum of one cent nominal damages, and the costs of the reference to the master to be taxed."

The answer in this cause asserts that the defendant, appellant here, is now constructing, selling, and using cultivators which are exactly the same as those sold by David Bradley & Co.; that such cultivators are manufactured under and in accordance with letters patent of the United States No. 243,123, dated June 21, 1881, granted to Charles A. Hague, and No. 270,629, dated January 16, 1883, granted to Byron C. Bradley. It also asserts the invalidity of the appellee's patent for want of novelty, and that the invention was anticipated by certain letters patent specifically stated. These defenses were pleaded to the suit of this appellee against David Bradley & Co. See Manufacturing Co. v. Bradley, 35 Fed. Rep. 295. The defenses here and there are substantially the same, except that here, in addition to the assertion of the patent to Dalton, common to the defenses in both suits, prior knowledge and use by Dalton is asserted independently of his patent. It is not claimed, however, that such use and knowledge goes further than the patent to him, pleaded, and considered by the court in the Iowa suit. There is this further exception: that by an amendment to the answer here the appellant alleged prior use by "Charles A. Hague, at Chicago, in the shops of the Furst & Bradley Manufacturing Company, now the David Bradley Manufacturing Company," in addition to the prior use asserted theretofore in the answers, both in the case here and in the suit in the southern district of Iowa. The Hague patent was, however, asserted in the answer in the Iowa suit as one of the patents under which the appellant's cultivators were manufactured.

The court below entered an interlocutory decree for the complainant, containing the usual direction for an injunction, upon the ground that the decree in the Iowa case was binding upon the defendant, and precluded it from further contesting the validity of the complainant's patent. Eagle Manuf'g Co. v. David Bradley Manuf'g Co., 50 Fed. Rep. 193. The present appeal involves the correctness of that ruling.

Bond, Adams & Pickard, for appellant.
George H. Christy, for appellee.

Before GRESHAM and WOODS, Circuit Judges, and JENKINS, District Judge.

JENKINS, District Judge, (after stating the facts.) The general rule that a judgment or decree of a court of competent jurisdiction between two parties is conclusive in any other suit between them or their privies of every matter that was decided therein, and that was essential to the decision made, is not here called in question. It is objected, however, that the rule ought not to govern here, because—First, the decree in the suit in the southern district of Iowa was, at the bringing of this suit, interlocutory, and not final, and is not, therefore, res adjudicata; second, the ap-

pellee has failed by supplemental bill or otherwise to plead the final decree in the former suit, and the record thereof was therefore improperly allowed in evidence; third, that the appellee has by stipulation expressly waived its right to assert the former recovery; and, fourth, that a new defense, not involved in the former case, is here asserted.

1. The suit in the circuit court of the United States for the southern district of Iowa was brought to restrain the infringement of the same claims of the same patent here in question. The defendant there was the agent of the present appellant in the sale of the infringing machines. The defense of the suit there was assumed and prosecuted by the appellant here. The appellant was in fact the real party to that litigation, and, so far as the decree there is res adjudicata, is as effectively concluded thereby as if it were the actual defendant to the record. Lovejoy v. Murray, 3 Wall. 1, 18, 19; Robbins v. Chicago, 4 Wall. 657, 672.

That the decree was interlocutory at the bringing of this suit, and subsequently ripened into a final decree, does not impair its efficacy or conclusiveness when properly presented in this suit. The relative time of institution of suit, or the relative date of final decree, is not of consequence if the merits of the controversy be thereby fully and finally determined, and the record thereof is properly brought to the attention of the court. Duffy v. Lytle, 5 Watts, 120; Casebeer v. Mowry, 55 Pa. St. 422; Child v. Powder Works, 45 N. H. 547.

2. It is doubtless necessary, where special pleading is required, that a former recovery should be pleaded in bar. There are cases where the record of a former recovery can be given in evidence without being specially pleaded; but this case is not one of them. We are therefore to inquire whether the allegations contained in the bill are sufficient to admit the record, and whether any objection to its admission was laid upon failure to properly plead the former recovery; for, if the record be properly before us in evidence, although not well pleaded, we are not only at liberty to consider it, but are bound to give full effect to it.

The bill in apt terms pleads the former suit, and the interlocutory decree rendered therein. Whether the pleader so charged it in the bill with the view to invoke the doctrine of comity, or as a supposed bar to an apprehended attack upon the validity of the patent, we cannot say. If the latter, it may be doubted whether it would not better accord with correct principles of equity pleading to assert a former recovery in bar by replication or special plea. However that may be, the decree pleaded was not technically well pleaded as a bar, because, being interlocutory, while it affirmed the validity of the patent and the fact of infringement, it still remained in the breast of the chancellor, and was subject to change. But the appellant was advised by the bill that the interlocutory decree was relied upon by the appellee as a protection against further attack upon the patent in question, and no exception to the matter in the bill was taken. The object of all pleading is to fitly advise an opponent of the par-

ticular charges or defenses relied upon, that he may be prepared to meet the particular matter, and be not taken by surprise. Here the appellant—so far as respects the interlocutory decree—was not only fully apprised of the position of its opponent, but by its answer and stipulation conceded the facts charged, and objected only to the decree that in rendering such judgment the court erred through failure to understand the operations of the Dalton machine, asserted to anticipate the invention of the appellee. While, therefore, the bill did not, in the view of strict pleading, present the issue of a former recovery, because it did not allege what did not at the time exist,—the formal final decree,—still when that final decree was offered in evidence it was properly allowed, and should be considered, unless proper objection was made to its reception upon the particular ground that it had not been pleaded. Walsh v. Colclough, (7th Circuit,) 9 U. S. App. ——, — C. C. A. ——, 56 Fed. Rep. 778. It was incumbent upon the appellant by fit objection at the time, or by subsequent motion to expunge, to have informed its opponent of the precise ground of objection. The objection could then have been obviated by amendment to the bill, or by proper supplemental pleading. It is too late to urge such objection for the first time upon an appeal.

It is to be further observed that the record of the final decree was introduced in evidence upon the consent of the appellant. The language of the stipulation is: "The defendant, though not appearing, consented in writing to the introduction of said proofs in so far as the same are material." The stipulation covers four distinct matters allowed in evidence without other objection than that stated. The evident meaning of the stipulation is that the matters offered should all be received in evidence, subject only to the question of their bearing upon the merits of the controversy. It was a waiver, in our opinion, of all formal objection. "Materiality" means "the property of substantial importance or influence, especially, as distinguished from formal requirement," (Bouvier;) "substantial, as opposed to formal," (Johnson.) It is clear to our minds that the only reservation made in the stipulation was the question of the influence of the evidence upon the controversy between the parties,—whether the evidence tendered was of substance as affecting the matter in dispute. The stipulation ignores all formal requirements, all technical objections with respect to pleading. We conclude, therefore, that the final decree is properly in evidence, and should be considered, and given its proper effect.

3. We are of opinion that the third objection, that the bar of a former recovery has been waived, is not tenable. All that remained to give full and final effect to the interlocutory decree of May 23, 1888, was the ascertainment of the damages, and the formal entry of final decree. This bill was filed June 11, 1888. On the 25th September, 1889, the parties stipulated that in the suit in the southern district of Iowa the master should report that the complainant (the appellee here) had brought suit against the manufacturer (the appellant here) of the infringing machines

in controversy in that suit, "electing to recover in full of said manufacturer all profits and damages arising from the sales by the defendant herein, as well as other profits and damages, and for that reason will offer no proof of profits and damages in the cause;" and that the master should report nominal damages against the defendant there, which was done. The stipulation further provided that the action of the court upon such report "shall not be claimed by said David Bradley Manufacturing Co. to be a bar to the recovery by the Eagle Manufacturing Co. of the said David Bradley Manufacturing Co. of all damages and profits, if any, arising from the sale of the cultivator by the said David Bradley & Co. in violation of the letters patent 242,497, to E. A. Wright, and by him assigned to the Eagle Manufacturing Co." We cannot perceive that this stipulation has legal effect to waive the conclusiveness of the Iowa decree upon the validity of the patent and its infringement. The interlocutory decree had determined those questions; conclusively so when by final decree the matter was no longer at large. That would result, whatever the quantum of damages awarded. In the light of the situation of the parties at the time, the object and force of the stipulation is obvious. The validity of the patent, and its infringement, had been contested and determined against the agents of the appellant for the sale of its machines. The appellant had assumed the defense of that suit, and was defeated. It was, equally with its agents, the defendant in that suit, liable for all damages sustained. If the nominal defendant had ignorantly infringed, being employed to do it, there was a certain equity that only nominal damages should be exacted, reserving to the appellee recourse to the more guilty infringer, the manufacturer. The appellant had, immediately upon the rendering of the interlocutory decree, instituted this suit to recover damages of the manufacturer for all damages sustained, whether by reason of the manufacture and sale of the machines in that suit adjudged to infringe or of others. It was but just, under such circumstances, that substantial damages should be sought of the guilty manufacturer, rather than of a possibly innocent agent. Such proceeding was also in the way of economy in litigation. It was assumed that that course could be safely pursued, if by stipulation the manufacturer would waive the bar of a decree entered for nominal damages, and permit a recovery to be sought in this suit for the actual damages sustained by reason of the manufacture and sale of the infringing machines involved in that suit. The stipulation speaks that object and no other. It contains no intimation that the decree should be at large with respect to the more important matter thereby put at rest,—the validity of the patent. There is not any waiver of the bar of the decree in that respect. Nor does the record disclose to us any such purpose or intent. We cannot do violence to the plain language of the stipulation by importing into the agreement a stipulation not contained in it, nor authorized by the condition of the parties. It seems to us incredible that the appellee should release all the fruits of its victory without motive or apparent reason therefor. The stipulation in express terms

limits the release of the bar of the decree to the subject of damages, and is a release by the appellant.. In no way did the appellee waive any claim with respect to the effect of the decree.

Nor do we see in the fact that testimony was taken in this suit touching the validity of the patent any reason to declare a waiver. Until final decree there was no res adjudicata. All such evidence was taken before the final decree of October 15, 1889, in the Iowa suit. Immediately thereafter, on the 23d day of October, 1889, the final decree was admitted in evidence here by consent of the appellant, together with the stipulation containing the admission of the appellant that it had assumed and conducted the defense of that suit; and the evidence was thereupon closed. We are not prepared to say that the taking of evidence upon the issue presented by a defendant is a waiver by the complainant of the bar of a former recovery, even when well pleaded; but if it be so, the rule cannot have application before such former recovery is rendered effectual by final decree. Nor do we perceive in the circumstances of the case any action of the appellee that tended to mislead the appellant to its prejudice. The latter consented to the admission in evidence of this final decree, coupled with its admission that it had assumed the defense of the Iowa suit. That record could have no other effect in evidence than as res adjudicata. It had no possible function to perform save as a bar to attack upon the validity of the patent. The appellant knew, or should have known, this. It knew, or should have known, that such was the purpose in its introduction. The right of appeal was perfect in the appellant, beyond the control of its opponent. It failed to assert its right. The appellee should not, therefore, lose the benefit of the decree. The consequences must fall where they justly belong,—upon the one failing to take advantage of an absolute right.

4. It is insisted that the matter is still at large with respect to certain defenses stated to have been not involved in the former case. This contention leads to the consideration of the question of the extent of the bar of the former recovery.

In Cromwell v. County of Sac, 94 U. S. 351, it was ruled that there existed a difference between the effect of a judgment as a bar or estoppel against the prosecution of a second action upon the same claim or demand, and its effect as an estoppel in another action between the same parties upon a different claim or cause of action. The distinction is thus stated by Mr. Justice Field:

"In the former case, the judgment, if rendered upon the merits, constitutes an absolute bar to a subsequent action. It is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose. Thus, for example, a judgment rendered upon a promissory note is conclusive as to the validity of the instrument and the amount due upon it, although it be subsequently alleged that perfect defenses actually existed, of which no proof was offered, such as forgery, want of consideration, or payment. If such defenses were not presented in the action, and established by competent evidence, the subsequent allegation of their existence is of no legal consequence. The judgment is as conclusive, so far as future proceedings at law are concerned, as though the defenses never

existed. The language, therefore, which is so often used, that a judgment estops not only as to every ground of recovery or defense actually presented in the action, but also as to every ground which might have been presented, is strictly accurate, when applied to the demand or claim in controversy. Such demand or claim, having passed into judgment, cannot again be brought into litigation between the parties in proceedings at law upon any ground whatever. But where the second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted upon the determination of which the finding or verdict was rendered. In all cases, therefore, where it is sought to apply the estoppel of a judgment rendered upon one cause of action to matters arising in a suit upon a different cause of action, the inquiry must always be as to the point or question actually litigated and determined in the original action, not what might have been thus litigated and determined. Only upon such matters is the judgment conclusive in another action."

In that case Cromwell brought action against the county of Sac upon four bonds of the county, and four coupons for interest, attached to them. The county asserted a judgment in a prior action by one Smith upon certain earlier maturing coupons on the same bonds, and charged that Cromwell was at the time the owner of the coupons so sued upon, and prosecuted the action for his sole use and benefit. It was ruled in that action that the bonds were void, except in the hands of a bona fide holder for value, and, failing proof of that fact, judgment was rendered for the county. It was held that the judgment was conclusive only of the fact that the plaintiff could not recover the amount of the coupons sued for, and for the reason that he had not shown himself a bona fide holder for value, and that finding did not preclude Cromwell from showing in another suit, and as to bonds and coupons not therein involved, that he was a bona fide holder thereof for value.

In Davis v. Brown, 94 U. S. 423, two of a series of notes had passed into judgment upon the sole defense by the indorsers that they had not been legally charged as such. In a second suit upon certain other notes of the series the defense was asserted of an agreement by the plaintiff not to hold them liable for or to sue them upon their indorsements. The court held the former judgment not to be res adjudicata upon the new defense asserted to a different demand, saying by Mr. Justice Field, (page 428:)

"When a judgment is offered in evidence in a subsequent action between the same parties upon a different demand, it operates as an estoppel only upon the matter actually at issue and determined in the original action; and such matter, when not disclosed by the pleadings, must be shown by extrinsic evidence."

In Campbell v. Rankin, 99 U. S. 261, 263, the doctrine is thus stated by Mr. Justice Miller:

"Whatever may have been the opinion of other courts, it has been the doctrine of this court, in regard to suits on contracts, ever since the case of Steam Packet Co. v. Sickles, 24 How. 333, and in regard to actions affecting real estate, since Miles v. Caldwell, 2 Wall. 35, that whenever the same question has been in issue and tried, and judgment rendered, it is conclusive of the issue so decided in any subsequent suit between the same parties; and also, that where, from the nature of the pleadings, it would be left in doubt on what precise issue the verdict or judgment was rendered, it is competent to ascertain this by parol evidence on the second trial. The latest expression of the doctrine is found in Cromwell v. County of Sac, 94 U. S. 351; Davis v. Brown, Id. 423."

In Block v. Commissioners, 99 U. S. 686, 693, Mr. Justice Strong asserts the doctrine as follows:

"Now, that a judgment in a suit between two parties is conclusive in any other suit between them, or their privies, of every matter that was decided therein, and that was essential to the decision made, is a doctrine too familiar to need citation of authorities in its support. A few cases go further, and rule that it is conclusive of matters incidentally cognizable, if they were in fact decided. To this we do not assent. But it is certain that a judgment of a court of competent jurisdiction is everywhere conclusive evidence of every fact upon which it must necessarily have been founded."

In Wilson v. Deen, 121 U. S. 525, 532, 7 Sup. Ct. Rep. 1004, Mr. Justice Field restates the principle thus:

"In Cromwell v. County of Sac, 94 U. S. 351, we considered at much length the operation of a judgment as a bar against the prosecution of a second action upon the same demand, and as an estoppel upon the question litigated and determined in another action between the same parties upon a different demand; and we held, following in this respect a long series of decisions, that in the former case the judgment, if rendered upon the merits, is an absolute bar to a subsequent action, a finality to the demand in controversy, concluding parties and those in privity with them; and that in the latter case—that is, where the second action between the same parties is upon a different demand—the judgment in the first action operates as an estoppel as to those matters in issue, or points controverted, upon the determination of which the finding or verdict was rendered."

In Bissell v. Spring Valley Tp., 124 U. S. 225, 231, 8 Sup. Ct. Rep. 495, Mr. Justice Field again restates the doctrine as held by the court in clear and unequivocal language, as follows:

"In Cromwell v. County of Sac, 94 U. S. 351, we drew a distinction between the effect of a judgment as a bar or estoppel against the prosecution of a second action upon the same claim or demand and its effect as an estoppel in another action between the same parties upon a different claim or demand. In the latter case—which is the one now before us—we held, following numerous decisions to that effect, that the judgment in the prior action operates as an estoppel only as to those matters in issue, or points controverted, upon the determination of which the finding or verdict was rendered. The inquiry in such case, therefore, must always be as to the point or question actually litigated and determined in the original action, for only upon such matters is the judgment conclusive in another action between the parties upon a different demand. Lumber Co. v. Buchtel, 101 U. S. 638; Wilson v. Deen, 121 U. S. 525, 7 Sup. Ct. Rep. 1004."

The rule thus settled has been reiterated by the court in Nesbit v. Independent Dist., 144 U. S. 610, 618, 12 Sup. Ct. Rep. 746; Railroad Co. v. Alsbrook, 146 U. S. 279, 302, 13 Sup. Ct. Rep. 72; McComb v. Frink, 149 U. S. 629, 641, 13 Sup. Ct. Rep. 993.

In the sense that the present suit is prosecuted for an infringement not involved in the prior adjudication, the demand is not the same. But that, we think, is not the proper criterion. The inquiry should be directed to the question whether the right asserted by the party, as the foundation of this suit is the same right determined by the previous action; for, if the former test should prevail as the standard, a patentee could never be precluded from asserting the validity of his patent against subsequent infringements by the one who had by previous judgment obtained adjudication against its validity. The former recovery in such case would be conclusive only that the particular devices there involved did not infringe. The question of the validity of the patent

would thus forever remain at large, without conclusive determination. We are of opinion, therefore, that this suit is upon the same claim and demand, to wit, the patent that was involved and determined in the former suit. That this must be so appears clearly from an examination of the cases cited. Thus in Wilson v. Deen, supra, the lessor brought action for rental under a lease. The defense was that of fraud in procuring the lease, and judgment passed for the defendant. In another action between the same parties for rental subsequently accruing under the same lease, the former recovery was pleaded in bar, against which it was urged that the demand was not identical, and Cromwell v. County of Sac was invoked to sustain that position. The court, however, sustained the plea, saying of the former judgment that "it determined not merely for that case, but for all cases between the same parties, not only that there was nothing due for the rent claimed for the month of December, 1873, but that the lease itself was procured by fraud, and therefore void." The court cites with approval the case of Gardner v. Buckbee, 3 Cow. 120, where two notes were given upon the sale of a vessel. In an action upon one of the notes the maker pleaded fraud in the sale, and a total failure of consideration, and judgment was rendered in his favor. In an action upon the other of the notes the record of the judgment in the former suit was offered in evidence in bar of the action. The supreme court held the judgment conclusive. Instances might be multiplied of like adjudications. We deem it only necessary to refer to, without enlarging upon, the following cases: Lumber Co. v. Buchtel, 101 U. S. 638; Insurance Co. v. Bangs, 103 U. S. 780; Elgin v. Marshall, 106 U. S. 578, 579, 1 Sup. Ct. Rep. 484.

We are compelled, therefore, to the conviction that this suit falls within the first resolution in Cromwell v. County of Sac, namely, that it is a second action upon the same claim or demand, to wit, upon the claim for a monopoly granted by patent; and that the former decree, the question being necessarily involved and at issue in that cause, determines conclusively and for all time, as between the parties thereto and their privies, the validity of the patent. It can no more be made the subject of contention between them.

Nor do we apprehend the result could be different if the case could be held to fall within the second resolution of Cromwell v. County of Sac. If this suit can be construed to be upon a different claim or demand because the alleged infringement was in the use of machines not involved in the former suit, still the prior decree would be conclusive upon the matters at issue essential to a recovery, and actually determined in such action. The validity of the patent was there at issue. Its invalidity was claimed because, as there asserted, certain specified prior patents described the same invention, and because of prior use. The determination of the issue of invalidity was essential to any decree for the complainant in that cause, and was determined by the judgment. It is said here that the prior patent to Dalton, and prior use by Hague here asserted, was not then in issue. The Dalton patent

was distinctly passed upon by the court, and was held unavailing to defeat the invention claimed. As to the alleged prior use by Hague, it may be said that it was in the prior suit alleged by the defendant with the sanction of the present appellant that the cultivators complained of as infringing were manufactured under the letters patent to Hague of June 21, 1881. This patent was some two weeks subsequent in date to the complainant's patent, and was held to infringe. Prior use by Hague may not have been specifically alleged, but the defendant there attacked the validity of the patent because of prior use and of anticipation by other patents. It was a duty to have asserted all anticipating patents, and all prior use. The issue of the pleadings was novelty of invention. The testimony of prior use and of anticipatory patents bore upon the issue of novelty of invention. In a suit at law such issue is tendered by a plea of the general issue, and such evidence may be given thereunder upon giving a certain notice. So in a suit in equity, like defense of invalidity may be pleaded, "and proofs of the same may be given upon like notice in the answer of the defendant and with the like effect." Rev. St. § 4920. The statement so required of particular anticipating patents, and of prior use, is clearly a mere bill of particulars of evidence to establish the issue of want of novelty; not independent issues. So no new defense is here asserted. The matter charged is merely additional evidence in support of the issue presented and determined in the former suit. It was competent evidence in that suit without any statement of it in the pleading, if the objection of the statute was not timely urged. Loom Co. v. Higgins, 105 U. S. 580; Zane v. Soffe, 110 U. S. 200, 203, 3 Sup. Ct. Rep. 562. The proposed evidence comes too late to be availing. The decree of a court is not the less conclusive because a party has failed to produce all the evidence at command, or because of newly-discovered evidence. "Expedit reipublicae ut sit finis litium."

The decree will be affirmed.