EMPIRE STATE NAIL CO. v. AMERICAN SOLID LEATHER BUTTON
CO. et al.

(Circuit Court, D. Rhode Island. January 15, 1896.)

No. 2,423.

1. RES JUDICATA—DEFENSE CONDUCTED BY ONE NOT A PARTY.
   A corporation which assumes the defense of a patent infringement suit,
   brought against one who purchased the infringing articles from it, is
   estopped by the judgment to the same extent as if it had been a party.

2. SAME—ACTION ON SAME AND DIFFERENT DEMANDS.
   An action for infringement by the making of certain articles is not an
   action upon the same claim or demand as a previous action for the mak-
   ing of other precisely similar articles; and a judgment in the previous
   suit will only be an estoppel as to the questions actually litigated. David
   Bradley Manuf'g Co. v. Eagle Manuf'g Co., 6 C. C. A. 661, 57 Fed. 980,
   disapproved. Cromwell v. County of Sac, 94 U. S. 351, applied.

This was a suit in equity by the Empire State Nail Company
against the American Solid Leather Button Company and others for
alleged infringement of a patent for an improvement in furniture
nails.

W. R. Perce, for complainant.

W. B. Vincent, for respondents.

CARPENTER, District Judge. This is a bill to restrain an al-
leged infringement of letters patent No. 370,614, issued September
17, 1887, to Thomas F. N. Finch, for improvement in furniture nails.
The bill alleges that, in the year 1891, the complainant brought suit
in the circuit court for the Southern district of New York against
Edward H. Faulkner and others for an infringement of said letters
patent by the sale of certain nails manufactured and sold to the
respondents in that suit by the respondent here, the American Solid
Leather Button Company; that the said respondent here assumed
and carried on the defense of that action; that a plea was filed, set-
ting up title to the patent in the American Company, which plea was
traversed, and upon hearing was decided against the respondents,
and that thereupon such proceedings were had that a final decree
was made establishing the validity of the patent and finding infringe-
ment; that the respondents have infringed the letters patent; and
"that the furniture nails made and sold by these defendants, the
American Solid Leather Button Company, and Charles E. Bailey, as
its president, and William R. Talbot, as its secretary and treasurer,
are furniture nails in all respects identical with the furniture nails
sold by them to Edward H. Faulkner, Edward D. Faulkner, and
Francis E. Faulkner, and thereafter sold by the said Faulkners, and
held to be an infringement of the aforesaid letters patent sued upon
herein by the decree entered in the suit of this complainant against
Edward H. Faulkner, Edward D. Faulkner, and Francis E. Faulkner
in the Southern district of New York above referred to." The re-
spondents answer, admitting that the decree was entered in the man-
ner set out in the bill against Faulkner and others, and that they did

assume and carry on the defense of that suit; and they further answer that said Finch was not the original and first inventor of the invention described in patent, and deny infringement. The cause is heard on bill and answer, and the question argued and now to be decided is whether the former judgment estops the respondents to deny the invention by Finch and their infringement of the patent.

In considering the question which, as it seems to me, is decisive of this issue, it becomes necessary in the first place to consider what is the meaning of the allegation that the nails made and sold by the respondents are "in all respects identical" with those sold by Faulkner, and for the sale of which the former action was brought. The words in their literal meaning import that they are the same nails. The word "identical," when used with any approach to accuracy, has this import. But it seems improper to conclude, unless there be no alternative, that the respondents, who are manufacturers, are here sued only in respect of nails sold by them to a single trader. It is to be observed that the words "in all respects" would not properly be used with the word "identical," if that word is to be taken in its literal sense. The allegation of infringement charges making, using, and vending in the "district of Rhode Island, and elsewhere in the United States." This language suggests, indeed, but does not in strict accuracy imply, any sale except that of the nails afterwards sold by Faulkner. There is an allegation that the respondents have used nails which infringe the patent, and the nails so used are not alleged to be "identical" with the Faulkner nails. Taking the allegations literally, it might be said that the nails made and sold are the very same nails referred to in the Faulkner suit, while as to the nails used it does not appear that they are in any respect similar to those which were passed on in that suit. As throwing some light on the meaning of the word "identical," as used in the bill, I observe the following among the interrogatories addressed to the respondents:

"(10) Whether the said American Solid Leather Button Company did not manufacture the box of nails offered in evidence in said Faulkner suit, and marked 'Complainant's Exhibit No. 9, Box of Defendants' Nails,' and also the nails taken from said box and offered in evidence in said suit, and marked 'Complainant's Exhibit No. 10, Samples of Defendants' Nails'? (11) Whether the said American Solid Leather Button Company has not made or sold such nails, or ones identical therewith, since the 20th day of November, 1888, and prior to the commencement of this suit?"

On the whole, it does not seem to me possible that the word "identical" is here used in its literal meaning. I confess that I cannot construct any theory which will certainly defend my reading of the bill in respect to the matter now under consideration, but I shall for the present purpose take it for granted that the meaning of the bill is that the present suit is brought for an infringement by the making of certain nails which are in all respects similar to those which were sold by Faulkner.

Passing now to the question of estoppel it is evident that the question is to be determined in all respects as it would be if the respondents here had been parties to the record in the Faulkner suit.

David Bradley Manuf'g Co. v. Eagle Manuf'g Co., 6 C. C. A. 661, 57 Fed. 980. The extent to which a former judgment between the same parties. is to be taken to be an estoppel is defined in Cromwell v. County of Sac, 94 U. S. 351. According to the rule there laid down the judgment in the Faulkner case is a bar against these respondents if it. be an "action upon the same claim or demand," and is no bar if it be an action "upon a different claim or cause of action." The question, then, is whether an action for infringement by the making of certain articles is an action upon the same claim or demand as an action for the making of certain other precisely similar articles. I think the present action is to be taken as an action for a different claim or demand from that in the Faulkner suit, and must be put under the second class of cases as distinguished in Cromwell v. County of Sac. The court in that case, by way of illustration of the class of cases where there is no estoppel, cites Outram v. Morewood, 3 East, 346; Gardner v. Buckbee, 3 Cow. 120; and Steam Packet Co. v. Sickles, 24 How. 333. These cases, like the case at bar, seem to me to be cases where the ground of the right is identical in both actions, and the invasion of that right is similar but not identical. I see nothing in the opinion of the supreme court which throws doubt on the validity of the rule laid down by Mr. Justice Story in Lawrence v. Vernon, 3 Sumn. 20, Fed. Cas. No. 8,146, that the test is "whether the same evidence will support both actions." In this case, if infringements are charged by the making, using, or sale of nails other than those sold by Faulkner, then it seems clear that the evidence which would support the Faulkner suit will not support this, and that evidence which would here be proper would there have been irrelevant. The question here raised is discussed by the court in David Bradley Manuf'g Co. v. Eagle Manuf'g Co., 6 C. C. A. 661, 57 Fed. 980, 990, and the court there hold that a suit for a different but similar infringement of a patent is a suit for the same claim or demand. The court say that:

"The inquiry should be directed to the question whether the right asserted by the party as the foundation of this suit is the same right determined by the previous action."

But I find myself obliged to hold that this criterion is directly inconsistent with the doctrine laid down in the Case of Cromwell, where, clearly, not only the right asserted, but also the infraction of that right, must be the same in both cases, in order that the estoppel shall arise. It is also worth while to observe that in the David Bradley Manuf'g Co. Case the very question proposed to be raised had been raised and decided in the former case, so that there was a clear estoppel, whether the suit were for the same or for a different cause of action; and the question here raised was not therefore necessary to be decided in that case. It is to be noted also that all the cases cited in David Bradley Manuf'g Co. v. Eagle Manuf'g Co. are cases in which the issue raised in the case at bar had been raised and decided in the former action, excepting Insurance Co. v. Bangs, 103 U. S. 780, in which the two actions were for identical causes, and excepting also Elgin v. Marshall, 106 U. S. 578, 1 Sup. Ct. 484, which

decides no more than that a prior action for a similar but not identical cause "might, and as to all questions actually adjudged would, be conclusive as an estoppel."

I observe also that it is impossible to see how, as the court says, in David Bradley Manuf'g Co. v. Eagle Manuf'g Co., if the test whether the present suit is prosecuted for an infringement not involved in the prior adjudication "should prevail as the standard, a patentee could never be precluded from asserting the validity of his patent against subsequent infringements by the one who had by previous judgment obtained adjudication against its validity." There could be no adjudication against the validity of a patent unless invalidity were alleged, proved, and found by the court; and in such a case, in either view of the question here under consideration, the owner of the patent would be estopped to allege validity.

As the reasoning of the Cromwell Case seems to me to be clearly decisive of the case at bar, I think it must control the decision, and that the bill must be dismissed.