RAYMOND v. ROYAL BAKING-POWDER CO.

(Circuit Court of Appeals, Seventh Circuit. October 5, 1896.)

No. 337.

APPEAL—FINAL AND INTERLOCUTORY DECREES.

> A decree, made after final hearing on the merits, declaring infringement of a trade-mark, awarding a perpetual injunction, and referring the cause to a master for an accounting, is not an appealable final decree, but is an interlocutory decree, from which an appeal will lie within 30 days, under section 7 of the judiciary act of March 3, 1891.

On Appeal from the Circuit Court of the United States for the Northern District of Illinois.

This was a suit in equity by the Royal Baking-Powder Company against George E. Raymond for alleged infringement of a trade-mark. After a final hearing on the merits, a decree was entered for complainant (70 Fed. 376), and the defendant has appealed.

Frederick A. Smith and Frank A. Helmer, for appellant.

Rowland Cox and Jacob R. Custer, for appellee.

Before WOODS and JENKINS, Circuit Judges.

JENKINS, Circuit Judge. The Royal Baking-Powder Company filed its bill in the court below to restrain the alleged appropriation and use of the word "Royal" in respect to baking powder. The cause was heard in the circuit court on bill, answer, and proofs, and a decree entered on January 21, 1896, which found that the complainant was entitled to the exclusive use of the word "Royal" as a designation for, and as distinguishing and identifying, baking powder by it manufactured and sold; that the defendant had infringed this exclusive right; that an injunction should issue perpetually restraining such infringement; that the complainant should recover the profits, gains, and advantages which had been received or made by the defendant from such infringement; and that the cause be referred to a master in chancery to take, state, and report to the court an account with respect to the infringement, and the gains, profits, and advantages which the defendant had received, or which had arisen or accrued, by reason of such infringement. While the matter was so pending before the master, and before any report by him, on June 17, 1896, the appellant here perfected an appeal from that decree to this court. The appellee now moves to dismiss this appeal, upon the ground that the decree appealed from was interlocutory, and that the appeal was taken after the expiration of 30 days from the entry of the interlocutory decree.

Section 7 of the act of March 3, 1891 (26 Stat. 826, c. 517), establishing this court, as amended by the act of February 18, 1895 (28 Stat. 666, c. 96), provides:

"That where upon a hearing in equity in a district court or a circuit court, an injunction shall be granted, continued, refused or dissolved by an interlocutory order or decree, or an application to dissolve an injunction shall be refused in a cause in which an appeal from a final decree may be taken under the provisions of this act of the circuit court of appeals, an appeal may

be taken from such interlocutory order or decree granting, continuing, refusing, dissolving, or refusing to dissolve an injunction to the circuit court of appeals, provided that the appeal must be taken within thirty days from the entry of such order or decree and it shall take precedence in the appellate court; and the proceedings in other respects in the court below shall not be stayed, unless otherwise ordered by that court, during the pendency of such appeal: and provided further that the court below may, in its discretion, require as a condition of the appeal, an additional injunction bond."

The determination of the question involved depends upon the further question whether the decree appealed from was an interlocutory or a final decree.  If interlocutory, the appeal was not within the time provided, and it must be dismissed.  If the decree was final, the appeal was timely, and the motion to dismiss should be denied. The purpose of the statute regulating appeals was to allow a speedy review of the action of the court below in granting or refusing an injunction, and this speedy review was granted while the cause was yet pending below, because of the great detriment that might result by reason of the improvident issuing or refusing of an injunction. The statute was not designed to, and does not, change the rule which theretofore obtained, that an appeal would only lie from a final decree, except in the particulars stated, and with regard to the injunction granted or refused; nor was the statute designed to, nor does it, change the nature of a decree as theretofore established.  It is true that the hearing which resulted in the decree in question was upon the merits of the controversy, and those merits were adjudicated, except with respect to the matters referred to the master.  That, however, does not constitute the decree a final one, for the purposes of an appeal; for, while the right of the complainant and the infringement by the defendant were determined by the decree, the matter was still at large, and still remained in the breast of the chancellor, and was subject to change by him prior to the final decree, and during the term at which the final decree might be entered.  This is elementary; the law, in its desire that right should be done, allowing the chancellor a breathing time, so to speak,—the interval between the interlocutory decree and the end of the term at which the final decree should be entered,—within which he might reconsider his judgment.  A final decree is one where nothing remains to be done by the court except to execute it ministerially.  The decree appealed from was therefore clearly interlocutory.  Bostwick v. Brinkerhoff, 106 U. S. 3, 1 Sup. Ct. 15; Bank v. Sheffey, 140 U. S. 445, 11 Sup. Ct. 755; Iron Co. v. Martin, 132 U. S. 91, 10 Sup. Ct. 32; McGourkey v. Railway Co., 146 U. S. 536, 545, 13 Sup. Ct. 170. Latta v. Kilbourn, 150 U. S. 524, 539, 14 Sup. Ct. 201; David Bradley Manuf'g Co. v. Eagle Manuf'g Co., 18 U. S. App. 349, 6 C. C. A. 661, and 57 Fed. 980; Brush Electric Co. v. Western Electric Co. (decided by this court October 5, 1896) 76 Fed. 761; Lockwood v. Wickes, 75 Fed. 118.  In Latta v. Kilbourn the court states the settled rule to be "that if the court made the decree fixing the rights and liabilities of the parties, and thereupon referred the case to a master for a ministerial purpose only, and no further proceedings in court were contemplated, the decree is final; but if it referred the case to him for a judicial purpose, as to state an account between the parties,

upon which a further decree is to be entered, the decree is not final." The appeal taken was therefore under section 7 of the act above referred to, and, to be effectual, should have been taken within 30 days from the entry of the interlocutory decree. The appeal will be dismissed