MANHATTAN TRUST CO. v. SIOUX CITY & N. R. CO. (TRUST CO. OF NORTH AMERICA, Intervener).

(Circuit Court, N. D. Iowa, W. D. June 15, 1900.)

1. JUDGMENT—MATTERS CONCLUDED.
    An adverse decree entered on a petition of intervention filed in a creditors' suit against an insolvent railroad company, and seeking to establish and enforce a landlord's lien against property of the company for the rental of terminal facilities under a lease, does not preclude the intervener from filing a second petition asking payment, from a fund in court from the subsequent earnings of the road under the receivership, of rentals accruing under the lease within six months prior to the receivership.

2. RAILROADS—RECEIVERSHIP—PREFERRED CLAIMS.
    On a bill filed by the trustee in a railroad mortgage, on behalf of all creditors of the company, for the conservation of its property, receivers were appointed, who operated the road until its sale under a foreclosure of the mortgage subsequently had under an amended bill. Held, that a claim against the company for rental of terminal property accruing under a lease within the six months prior to the receivership was entitled to priority of payment over the bondholders from the fund in court produced by the operation of the road by the receivers, as an ordinary and necessary running expense of the road.

In Equity. On intervening petition.

Strong & Cadwalader, Geo. N. Wickersham, and Craig L. Wright, for complainant.

Bevington & Kennedy, for intervener.

SHIRAS, District Judge. The proceedings with which the intervention petition now before the court is connected were commenced in this court on the 5th day of October, 1893, by the filing of a bill by the Manhattan Trust Company as trustee in a mortgage executed by the

Sioux City & Northern Railroad Company to secure an issue of bonds in the sum of $1,920,000. The purport of this bill was not to obtain a foreclosure of the mortgage, for at the time it was filed the mortgagor was not in default in the payment of any portion of the mortgage debt, either principal or interest, but it was filed for the purpose of obtaining the appointment of a receiver to take the charge and management of the railway property covered by the mortgage, on the ground that the mortgagor was permitting the property to become incumbered with liens for unpaid taxes, and in other ways was allowing the property to be wasted and depreciated; and it was prayed that a receiver be appointed by the court, to take possession of the property and operate the same, to the end that the income therefrom should be properly applied, and the property should be preserved for the benefit of all interested therein. In accordance with the prayer of this bill, receivers were appointed, who took possession and control of all the property of the Sioux City & Northern Railroad Company; and under the orders of the court they paid off all the back and accruing taxes, the sums due employés and for supplies furnished, the balance due connecting roads, made all necessary repairs to place and keep in good repair the roadbed and rolling stock belonging to the railway company, and also paid on the interest coming due to the bondholders the total sum of $234,000. Subsequent to the filing of the original bill and the appointment of the receivers, installments of interest came due on the mortgage bonds, and were not paid; and thereupon an amended bill was filed in the case, praying for the foreclosure of the mortgage, and finally a decree of foreclosure was entered, the property was sold, and about January 1, 1900, the possession thereof was delivered up to the purchaser at the sale,—the purchase being in fact made for the benefit of the bondholders. The accounts of the receivers have been duly settled and approved, and after paying all the foreclosure costs and expenses, the compensation of the receivers, and all other claims connected with the receivership, there now remains in the registry of the court the sum of $71,160.91. The intervener, the Trust Company of North America, now brings before the court the claim for rental due to the Sioux City Terminal & Warehouse Company under the terms of a lease executed by the terminal company to the Sioux City & Northern Railroad Company under date of December 14, 1889, whereby the terminal company leased to the railroad company its depot, depot grounds, and other terminal facilities at Sioux City for the term of 99 years, at the agreed rental of $90,000 per year, payable quarterly. Upon a petition of intervention heretofore filed in this case on behalf of the Trust Company of North America, it was held and adjudged by this court that the terminal company, notwithstanding the fact that it had executed a mortgage to the Trust Company of North America upon the leased property, still retained the right to terminate the lease according to its terms, and that the terminal company had exercised this right by the action to that end taken under date of December 23, 1893, and further held that the terminal company was not entitled to a landlord's lien upon the rolling stock of the railroad company used in and about the leased premises. The present or amended petition of intervention seeks to obtain an order for the payment of the

rental due, on the ground that it is a claim arising out of the ordinary running of the railroad, which is in equity, and under the particular facts of this case, entitled to payment in preference to the debt due the bondholders; and it is also claimed that the Trust Company of North America, which has succeeded to the rights of the terminal company in said lease under a sale upon foreclosure of a mortgage by the terminal company, is entitled to demand from the Sioux City & Northern Railroad Company rental at the stipulated sum of $90,000 up to the present date. As already stated, this court has ruled and decreed that the lease in question was terminated by the action of the terminal company taken on December 23, 1893, and the terminal company and the intervener, as successor to its rights, cannot now claim rental under the terms of the lease after that date. In considering this question, this court held that although, under the terms of the lease, the larger part of the rental was to be paid to the trust company for the benefit of the bondholders secured by the mortgage executed by the terminal company, yet the lease secured to the terminal company the right to terminate the lease. If the trust company, as the representative of the bondholders, deemed the action taken by the terminal company in terminating the lease to be inimical to the interests of the bondholders, it should have taken steps to set aside the action of the terminal company, but it has not done so; and therefore the rights of the parties must be determined on the basis of acquiescence in the action taken, which, as stated, terminated the lease on December 23, 1893. The receivers continued to use the depot at Sioux City, and have paid the price agreed upon for such use and occupation of the premises since October 5, 1893; and therefore the intervener has no claim for rental or for the use of the premises since that date. On that date, however, there was due and owing from the railroad company to the terminal company for the rental of the depot grounds for the three months ending September 14, 1893, the sum of $22,500, and the further sum of $5,250 for rental to October 5th; and the question arises whether this claim should not be paid out of the money in the registry of the court.

On behalf of the Manhattan Trust Company, as the trustee in the mortgage executed by the railroad company, it is contended that the proceedings had on the first or original petition of intervention filed by the present intervener are a bar to the claim now presented. An examination of the petition shows that it was intended to assert the right of the Trust Company of North America to collect the rentals of parts of the Terminal Building leased to third parties, and not occupied by the railroad company, and also to assert a claim for a landlord's lien under the statutes of Iowa upon the property of the railroad company used upon the leased premises. The petition did not present the equity now relied on; nor did the court, in its opinion or decree, consider or pass upon the questions now presented, and therefore in fact there has not been had an adjudication thereon. It is, however, strongly contended that the decree entered must be held to be an adjudication on all the claims the intervener could have urged in aid of its rights, and in support thereof counsel cite Cromwell v. Sac Co., 94 U. S. 351, 24 L. Ed. 195; David Bradley Mfg. Co. v.

Eagle Mfg. Co., 18 U. S. App. 349, 6 C. C. A. 661, 57 Fed. 980; Franklin Cq. v. German Sav. Bank, 142 U. S. 93, 12 Sup. Ct. 147, 35 L. Ed. 948. The original petition of intervention was intended to present the question of the right to a landlord's lien upon specific property. In hearing this matter, the court decided that the lease had been terminated by the action of the terminal company, and that, for the rental due, the right to a landlord's lien did not exist; and, under the rule laid down in the cases cited, the intervener is precluded from relitigating these questions, no matter what new facts or views of the law might be advanced to show that a different conclusion should have been reached thereon. But this does not prevent the intervener from now asserting a right to be paid out of the money in the registry of the court. When the original petition was presented, this fund had not been accumulated, and it could not be known whether the income from the property in the hands of the receivers would be sufficient to cover the claim of the intervener, after paying the necessary operating expenses, and discharging the lien for taxes and other like matters. It is therefore open to the intervener to insist upon its right to payment out of the funds in the hands of the court, and the question presented is whether this claim for rental due for the use of the terminal facilities by the railroad company should be paid, in preference to the mortgage debt, out of a fund realized from the property while in the hands of the receivers. The rental in question came due during the six months preceding the appointment of the receivers. It is a debt arising out of the ordinary running and management of the railroad, being the rental for the use and occupation of the depot and depot grounds at Sioux City; and therefore was strictly part of the ordinary and necessary running expenses of the railroad, payment of which was expected to be made out of the income of the railroad company.

If the court had not taken possession of the railway property by the appointment of the receivers, the income from the property would have been applicable to the payment of the rental in question, in preference to the payment of the mortgage debt, under the rule laid down in Fosdick v. Schall, 99 U. S. 235, 25 L. Ed. 339; and the appointment of the receivers did not change or defeat the right and equity of the intervener in this respect. As already stated, the receivers were appointed and possession of the property was taken under the original bill filed, which was not a bill for the foreclosure of the mortgage, but was a bill filed on behalf of all parties interested, which would include the terminal company. whose rights are now represented by the intervener. The debt for the use of the terminal property at Sioux City is a claim enforceable against the railroad company, and one which, in the ordinary management of the affairs of the company, would have been properly payable out of the income of the road. The court is now in possession of the income in an amount more than sufficient to pay the sum due for rental, and, unless the bondholders can show a better right thereto, no reason exists why the rental should not be paid. The rights of the bondholders are created by the trust deed or mortgage executed to the Manhattan Trust Company, and this instrument does not in terms create a lien in favor of the bondholders

upon the income derived from the mortgaged property, and the receivers took possession of the property as much for the benefit and in the interest of the terminal company as for the bondholders. The possession of the mortgaged property did not pass to the bondholders until delivery thereof in pursuance of the sale, which delivery took place on January 1, 1900, and there is no ground for holding that a lien proper in favor of the bondholders was created on the income of the property prior to that date. The right of the bondholders to the fund in court, which is the balance of the income realized before January 1, 1900, is not, therefore, a lien prior in right and equity to the claim of the intervener; but, on the contrary, it is a claim which in equity must be held to be inferior to the right of the intervener. The equity of the intervener is based upon the fact that the income from the property should be applied to the payment of the sum due for the use and occupancy of the depot grounds in Sioux City, as that was a necessary expense in the management of the road. The receivers took possession of the depot, in connection with the other property, on the 5th of October, 1893, and have paid for the use thereof since that date. The claim of the intervener, therefore, is limited to that date, and consists of the amount coming due September 14, 1893, to wit, $22,500, and the sum due up to October 5th, to wit, $5,250, or in all the sum of $27,750, which, with interest from maturity, constitutes the sum total to which the intervener is entitled to be paid out of the fund in the registry of the court, together with the costs of this proceeding. Decree accordingly.