HARMON et al. v. STRUTHERS et al.

(*Circuit Court, W. D. Pennsylvania.* November 20, 1891.)

PATENTS FOR INVENTIONS—INFRINGEMENT—RES JUDICATA—EFFECT OF INTERLOCUTORY
     DECREE.
     In a suit for infringement of letters patent there was a decree for plaintiffs,
     awarding an injunction, and for an account, and a reference to a master. The de-
     fendants quit using the device so held to infringe, substituting a different device,
     which was openly used by other persons, and as to which there had been no adjudi-
     cation. Then, pending the reference before the master, the plaintiffs brought a
     new suit in the same court, against the same defendants. The answer therein not
     only denied infringement, but alleged that one G., and not the patentee, was the
     original and first inventor of the patented device, which defense was not set up in
     the first suit. *Held*, that the decree was interlocutory, and did not, in the second
     suit, preclude inquiry into the validity of the patent.

In Equity. Suit for infringement of patent. Heard upon excep-
tions to answer. Exceptions overruled.

*W. Bakewell & Sons,* for exceptions.

*D. F. Patterson* and *James C. Boyce,* for defendants.

ACHESON, J. This bill, which is for the infringement of letters pat-
ent for an invention, after the usual recitals and averments, recites a pre-
vious suit in equity by the plaintiffs against the defendants, in this court,
for the infringement of the same patent, in which there was a decree, in
the ordinary form, in favor of the plaintiffs, awarding an injunction,
and for an account, and a reference to a master to take the account. 45
Fed. Rep. 437. In their answer to the present bill the defendants state
that, upon the decision of the court, they abandoned the use of the de-
vice held to infringe the patent, and that they are now using a different
device, which they particularly describe, and which they deny is an in-
fringement. The answer also alleges that the patented improvement
was not the invention of the patentee, but, in fact, was invented by
George H. Gibbs, who put the device in public use by sales more than
two years before the date of the application for the patent sued on. The
plaintiffs contend that the defendants are estopped by the proceedings
in the former suit from questioning the validity of the letters patent, and
they seek to narrow the issue to the single question whether the device
now used by the defendants infringes the patent.

Two facts are here to be noted: *First*, the other case is still pending
before the master under the order of reference; *second*, the defense that
George H. Gibbs was the original and first inventor of the patented de-
vice was not set up or considered in the former suit. It is to be added
that it sufficiently appears to us that the particular device involved in
the present suit is openly used by other manufacturers besides the de-
fendants; and there has been no adjudication affecting the right of the
public to use the same, nor has the question been raised until now.
Are the defendants, then, here shut up to the single issue of infringe-
ment? It cannot be maintained that the present is a continuation of
the earlier suit. It is an independent suit in form and substance. Nor

is it material that both suits are in the same court. Being distinct proceedings, no greater effect is here to be given to the former decree than if it had been made in another court. Neither is it a matter of any moment that, heretofore, for satisfactory reasons, we refused the defendants a rehearing in the first case, for the refusal did not make the decree any more conclusive than it was before. According to the language of all the authorities, to conclude the parties the former judgment or decree must have been final. Now we find, in the opinion of the supreme court in *Beebe* v. *Russell*, 19 How. 283, 285, a final decree thus explained:

"When a decree finally decides and disposes of the whole merits of the cause, and reserves no further questions or directions for the future judgment of the court, so that it will not be necessary to bring the cause again before the court for its final decision, it is a final decree."

Adopting this definition, Judge NIXON held, in *Chemical Works* v. *Hecker*, 2 Ban. & A. 351, that a decree in another circuit in a suit in equity between the same parties upon the same patent, declaring three claims void for want of novelty, but sustaining one claim, and adjudging the defendant to have infringed it, and ordering an account of the profits realized, was interlocutory merely, and did not so conclude the parties as to prevent an inquiry into the validity of the claims of the patent. It has been expressly ruled by the supreme court that a decree in a patent cause, such as the plaintiffs here rely on, is not a final decree from which an appeal will lie. *Barnard* v. *Gibson*, 7 How. 650; *Humiston* v. *Stainthorp*, 2 Wall. 106. Again: Certainly the court might open such a decree, at a subsequent term, for a rehearing, upon additional proofs; but a final decree cannot be so opened at a subsequent term, and set aside or modified. *McMicken* v. *Perin*, 18 How. 507; *Bronson* v. *Schulten*, 104 U. S. 410. Once more: In *Fourniquet* v. *Perkins*, 16 How. 82, the circuit court had made a decree that the plaintiffs were entitled to certain property, and referred the matter to a master, to take and report an account, but at a subsequent term after the coming in of the master's report, upon exceptions thereto, reversed its previous decree, and dismissed the bill. The supreme court held that the former decree upon the merits was interlocutory, and open to revision, and under the control of the court at the final hearing, upon the exceptions to the master's report. Applying the principle of the decisions cited to this case, we have no difficulty in holding that our decree in the other suit is interlocutory, and does not here operate as an estoppel precluding inquiry into the validity of the patent. Our conclusion is by no means inconsistent with the ruling in *Thomson* v. *Wooster*, 114 U. S. 104, 5 Sup. Ct. Rep. 788, for that case merely decides that, while a decree *pro confesso* establishing the validity of a patent stands unrevoked, the defendant cannot question the validity of the patent before the master appointed to state an account, nor on appeal set up anything to impeach the decree except what appears on the face of the bill.

The exceptions to the answer are overruled.