SACKS v. KUPFERLE.

(Circuit Court, E. D. Missouri, E. D. January 23, 1904.)

1. PATENTS—SUIT FOR INFRINGEMENT—RES JUDICATA.

Where a suit for infringement against a dealer in the alleged infringing article was defended by the manufacturer of such article at his own cost, and on appeal it was adjudged that complainant was not the original inventor, and that his patent was void, such adjudication is a bar to a subsequent suit directly against the manufacturer on the same patent.

In Equity. Suit for infringement of patent. On final hearing.

W. P. Preble, Jr., and B. O. Davidson, for complainant.

Halcolm Ellis and George H. Knight, for defendant.

ADAMS, District Judge. This is a suit to enjoin the alleged infringement of letters patent of the United States No. 443,199, granted December 28, 1890, to Louis Sacks and Henry Richmond, for a new and useful improvement in boot and shoe lasts. Richmond has hitherto duly assigned all his right, title, and interest to the complainant, Sacks, so that he now stands as the sole owner of the patent. The answer denies invention by the patentees, and particularly pleads that the complainant is estopped from claiming originality of invention by a judgment and decree of the Circuit Court of the United States for the District of Massachusetts, rendered pursuant to the mandate of the Circuit Court of Appeals for the First Judicial Circuit. The facts relied upon to sustain this plea of res judicata are set forth in the pleadings, stipulations, and proofs, and there is no dispute about them. The complainant, Sacks, on April 7, 1894, instituted his suit in the Circuit Court of the United States for the District of Massachusetts against one George Brooks, declaring that he and his co-patentee were the first original and joint inventors of the improvement described and patented in letters patent No. 443,199, the same being the patent now involved in this case, and that he (Sacks) afterwards became the sole owner thereof by assignment to him of Richmond's interest; that the defendant Brooks was a dealer in the boot and shoe lasts and stands manufactured by the defendant John C. Kupferle, and, according to the stipulation of the parties, "the boot and shoe lasts and stands [involved in this suit] are exactly like those made by this defendant and sold through Brooks & Company [composed exclusively of George Brooks], in Boston, Massachusetts, for which sale said Brooks & Company were sued by this complainant in the United States Circuit Court in the District of Massachusetts, which suit was defended by the defendant herein, and appealed by him as alleged in the bill of complaint and answer filed herein"; that Kupferle appeared and defended that suit brought against his factor or agent, through whom, as disclosed by the stipulation, defendant was selling his goods in Boston, paying all the expenses thereof; that the same came on for hearing in due course on the merits, which resulted in a decree for the complainant, adjudging the patent valid and infringed; that afterwards the defendant herein, in behalf of and in the name of said Brooks, at his own expense, appealed from the decree of the Circuit Court to the Circuit

Court of Appeals for the First Judicial Circuit; that the appeal in due time came on for final hearing, resulting in judgment of reversal, and a mandate to the lower court directing a dismissal of the bill on the ground that one Dusenbery was the first and original inventor of the device disclosed in the patent, and that complainant, Sacks, was not such inventor.

The foregoing facts, as already stated, appear substantially in the bill, answer, stipulations, and evidence found in this record, and are amply verified and re-enforced by an inspection of the opinion and mandate of the Circuit Court of Appeals, referred to and made part of the bill. By reference to the opinion of the Circuit Court of Appeals, 81 Fed. 403, 26 C. C. A. 456, it is observed that the essential question before the court in that case was whether one Dusenbery was or was not the original inventor of complainant's device. He applied for a patent on this same device five months before Sacks and Richmond did, and secured his patent six months before Sacks and Richmond secured theirs. This Dusenbery patent was, in the Massachusetts case, duly pleaded as an anticipation of the Sacks and Richmond invention. Much evidence appears to have been taken on this issue, and this evidence is practically all that was considered by the Circuit Court of Appeals of the First Judicial Circuit. That court held that, inasmuch as Dusenbery's application was filed first, it was the "settled law that the burden was thrown on the complainant below [Sacks] to prove priority in behalf of his patent to the satisfaction of the court, and by evidence which shall strongly outweigh that of respondents below, if not beyond a reasonable doubt."

Applying this familiar and long recognized rule of evidence, the Court of Appeals found that Sacks was not the first and original inventor of the device of the patent, and ordered the bill to be dismissed. The complainant, to avoid the bar of that judgment in this case, urges that he was surprised at the rule of evidence laid down by the Court of Appeals, requiring him to show, by the measure of proof then indicated, that Sacks was the original inventor, as against Dusenbery, who made the first claim, and secured the first patent for the device in question. The complainant should not have been surprised at such declaration of law. It is, and for a long time has been, the well-recognized rule of evidence in such cases. Smith & Griggs Manufacturing Company v. Sprague, 123 U. S. 249, 264, 8 Sup. Ct. 122, 31 L. Ed. 141; Clark Thread Company v. Willimantic Linen Company, 140 U. S. 481, 489, 11 Sup. Ct. 846, 35 L. Ed. 521; The Barb Wire Patent, 143 U. S. 275, 284, 12 Sup. Ct. 450, 36 L. Ed. 161; Deering v. Winona Harvester Works, 155 U. S. 286, 300, 15 Sup. Ct. 118, 39 L. Ed. 153. But even if complainant was mistaken, and even if that was an incorrect rule of evidence declared, such facts afford no ground for relitigating the conclusion reached in that case. The claim and demand sued upon in that case were the same as those now involved in the present case. The parties were, in contemplation of law, the same in that case as are now involved in this case. It is of no legal significance that the defendant's factor or agent was the nominal party in the Massachusetts case. The facts are, as disclosed by the record in that case, that the defendant Kupferle, who was the manufacturer of the

goods sold by him through Brooks, undertook the full defense of that case, managing the same, and paying all the expenses thereof, and that he also, for and in the name of Brooks, prosecuted his appeal to the Circuit Court of Appeals, and paid all the expenses of the same. Such being the facts, Sacks is bound by the judgment rendered in that case. Lovejoy v. Murray, 3 Wall. 1, 18, 18 L. Ed. 129; Robbins v. Chicago City, 4 Wall. 657, 672, 18 L. Ed. 427; David Bradley Mfg. Co. v. Eagle Mfg. Co., 57 Fed. 980, 6 C. C. A. 661; Eagle Mfg. Co. v. David Bradley Mfg. Co. (C. C.) 50 Fed. 193; Eagle Mfg. Co. v. Miller (C. C.) 41 Fed. 351, 357. Accordingly, the final judgment rendered in the Massachusetts case on the merits, was a "finality as to the claim or demand sued on, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." Cromwell v. The County of Sac, 94 U. S. 351, 24 L. Ed. 195, and cases cited. On the principles announced in this last-mentioned case, the complainant can no longer litigate the question of invention involved in patent No. 443,199. That issue was decided against him in the suit tried upon the merits to which he and the defendant in this case were parties.

It appears that the complainant's alleged surprise at the rule of evidence laid down by the Circuit Court of Appeals was called to the attention of that court for the purpose of securing an opportunity for the complainant to make further proof of complainant's priority over Dusenbery. An order is found in the mandate as follows:

"Ordered, that Louis Sacks, complainant and appellee, have leave to apply to the court below for leave for further proceedings and proof in relation to the alleged anticipation of George S. Dusenbery, all questions relative thereto being reserved for that court."

The final decree of the trial court, after reciting the order of the Circuit Court of Appeals just referred to, is as follows:

"Thereupon, after the filing of the said mandate pursuant to the leave granted in the said mandate, the said Louis Sacks, by his attorney, filed a motion for leave for further proceedings and proofs in relation to the alleged anticipation by George S. Dusenbery, and this cause came on to be heard at this October term, A. D. 1897, and was argued by counsel for the respective parties upon the said motion, and on March 29, A. D. 1898, an order of court was entered denying the said motion. And now, on motion of W. K. Richardson, of counsel for the defendants, it is ordered, adjudged, and decreed as follows: That the mandate of the Circuit Court of Appeals be recorded, and that the complainant's bill be dismissed, with costs, both of this court and of the Circuit Court of Appeals for the First Circuit, to be taxed to the complainant."

From the foregoing it clearly appears that the complainant not only had his day in court theoretically, but in point of fact, and that his pretensions as to Dusenbery's invention and as to the rule of evidence concerning which he now claims surprise were heard and finally disapproved, and the provisional order to dismiss his bill became absolute.

I think this record effectually bars the complainant from relitigating the question of original invention of the device of his patent.

The bill must be dismissed.