BREDIN v. NATIONAL METAL WEATHERSTRIP CO.

(Circuit Court, W. D. Pennsylvania.   August 11, 1906.)

No. 39.

**1. JUDGMENT—CONCLUSIVENESS—PATENTS—SUIT FOR INFRINGEMENT—CONCLUSIVENESS OF PRIOR ADJUDICATION.**

A decree in a prior suit for the infringement of a patent is none the less conclusive between the parties on the issues of validity and infringement because it was merely interlocutory, when the second suit was commenced, where it is set up therein as an adjudication by a supplemental bill, after having ripened into a final decree.

[Ed. Note.—For cases in point, see vol. 30, Cent. Dig. Judgment, §§ 1161, 1162.

Effect of previous decisions in patent cases on Circuit Court of Appeals, see notes to National Cash Register Co. v. American Cash Register Co., 3 C. C. A. 565; Thomson-Houston Electric Co. v. Hoosick Ry. Co., 27 C. C. A. 427; United States Freehold Land & Em. Co. v. Gallegos, 32 C. C. A. 475.]

**2. PATENTS—RIGHT TO PLEAD PRIOR DECREE OBTAINED PENDING SUIT.**

The owner of a patent, who has obtained an interlocutory decree adjudging its validity and infringement, is not required to wait until it has become final before bringing suit against the defendant for infringement by the same device in another district; nor is he precluded, by the fact that evidence has been taken in the second suit, from pleading therein the final decree when obtained in the first suit as an adjudication.

In Equity.   Suit for infringement of letters patent No. 424,905, for a weather strip, granted to Abert Clinton Sims April 1, 1890.   On final hearing.

L. S. Bacon, for complainants.
Charles M. Clarke, for defendants.

ARCHBALD, District Judge.[1]   This is a suit for the infringement of a patent for a metal weather window strip, issued to A. C. Sims April 1, 1890.   The bill was filed September 26, 1904, and answer having been promptly made, contesting the validity of the patent and denying that it had been infringed, the case was duly put at issue, upon which proofs have been fully made.   It appears, however, that at the time suit was brought there was pending in

[1]Specially assigned.

the United States Circuit Court for the District of Maryland, a prior suit by these same plaintiffs on the same patent and for the same infringing device, against one Moses Solmson, the defendants' agent, in which suit the defendants appeared and made defense, employing counsel and paying the expenses. That suit was brought to a hearing June 24, 1904, and on August 22d an opinion was rendered sustaining the patent and finding that it had been infringed; claims 2 and 3, the same as here, being the ones relied on. Bredin v. Solmson (C. C.) 132 Fed. 161. A decree was thereupon entered, September 10th, awarding an injunction, directing an account, and referring the case to a master; and on appeal taken this was affirmed February 21, 1905 (Solmson v. Bredin, 136 Fed. 187, 69 C. C. A. 203), following which, the case having been remanded, a final decree was entered January 10, 1906, on the coming in of the report of the master. The present suit followed directly upon the interlocutory decree in that one, and it is conceded was inspired by it; being recited in the bill, which thus proceeds, in part at least, on the strength of it. By the supplemental bill the final decree has now been brought in, and the question is as to the effect to be given to it.

It is not disputed but that, by intervening and contesting the former case as they did, the defendants became privies to the result, and it is admitted that the issues are the same, except as other alleged anticipating devices have been introduced, assailing anew the validity of the patent. But the point is made that at the time the present bill was filed, and issue joined, the other suit was merely in an interlocutory stage, and the decree by which the patent was sustained and an account directed was thus persuasive only; (Rumford Chemical Works v. Hecker, 2 Ban. & A. 351, Fed. Cas. No. 12,133; Harmon v. Struthers [C. C.] 48 Fed. 260), requiring the suit in hand to be prosecuted independently to the end. This fails, however, to distinguish between the effect to be given to the case at that stage of it and at the one to which it subsequently attained. Having been brought to final judgment, and the matters which are here litigated having been examined and passed upon, it has now been immutably determined, by the decision of the court where it was pending, that, contrary to the contention of the defendants, the patent is valid, and that the weather strip which they manufacture and vend infringes upon it. It is difficult to see how anything could be more conclusive than this, or what use there is in the doctrine of res judicata, if it is not to so prevail here. Suppose the decision had been the other way; is there any question that the defendants by a cross-bill, in the nature of a plea puis darrein continuance at law (1 Dan. Chanc. Prac. 607), could have brought it in and had effect given to it? And, as estoppels must be mutual, why, then, may not the plaintiffs do the same thing, by supplemental bill, now that it is the other way? Or suppose, after a final decree in favor of the plaintiffs, either here or there, the defendants were found to be infringing in another district; would not a bill lie there, based solely on such decree, and would not the defendants be bound? And yet what difference is there in principle from what we have here, the decree in the Maryland case having been brought in by

the supplemental bill and made paramount, the same as if suit had been originally based upon it, for which the recitals in the original of the pending suit and the interlocutory decree laid ground?

Authorities upon the subject are not wanting, which present the exact situation and confirm the conclusion so reached. Thus, in David Bradley Mfg. Co. v. Eagle Mfg. Co., 57 Fed. 980, 6 C. C. A. 661, it was held that a decree in a prior suit for the infringement of a patent is none the less conclusive because it was merely interlocutory at the beginning of a second one, in which it is set up as a bar after having ripened into a final decree. So, in Penfield v. Potts, 126 Fed. 475, 61 C. C. A. 371, the fact that a decree which constituted an adjudication as between the parties to a second suit did not become final until after an interlocutory decree had been entered was declared not to affect it as a bar when presented before final decree therein. And in Duffy v. Lytle, 5 Watts (Pa.) 120, and Casebeer v. Mowry, 55 Pa. 119, 93 Am. Dec. 766, it was said that a prior judgment upon the same cause of action sustains the plea of a former recovery, although the judgment (conversely to what we have here) is in an action commenced subsequently to the one in which it is pleaded. "The date is of no consequence," says Thompson, J. "It is the fact of an adjudication upon the same subject-matter, and between the same parties, which gives effect" to it.

It is said, however, that new references have been introduced, and that there are thus new issues. But issues and evidence are not to be confounded. The issues are not changed, whatever be the evidence to sustain them; the question of the validity of the patent and the infringing character of the defendants' device being the only ones involved in either suit. A new attack is made upon the patent by the introduction in evidence of other alleged anticipations; but the issue, notwithstanding this, remains the same. These references, moreover, existed and were equally available to the defendants, then as now; and it is established beyond question that, where a party has been once finally heard, he is concluded, not only as to the defenses which were made, but also as to all that might have been. Cromwell v. Sac Co., 94 U. S. 351, 24 L. Ed. 195; Sacks v. Kupferle (C. C.) 127 Fed. 569. As is said in Gordon v. Ware Nat. Bank, 132 Fed. 444, 65 C. C. A. 580, a prior judgment on the merits between the same parties is conclusive, whether right or wrong, and as well as to everything which might have been considered, as actually was. It was accordingly held in Empire State Nail Co. v. American Solid Leather Button Co., 74 Fed. 864, 21 C. C. A. 152, that a decree formally declaring the validity of a patent sued on, although that was not the issue directly made, is conclusive in a subsequent suit between the same parties and their privies, with regard to a similar infringing device.

But it is further said, that there was nothing to prevent the plaintiffs from relitigating the questions at issue, and that, having brought the present bill without waiting for a final decree, and thereby chosen to treat them as still open, putting the defendants to the expense of a contest on the merits, they are not in a position to foreclose the matter, as they now seek to do. But there was nothing which required the plaintiffs to defer bringing suit, which would have left the de-

fendants to continue to infringe in the district, undisturbed; and the question of the validity of the patent and the infringing character of the defendants' device being admittedly open at the inception of the suit, however persuasive the interlocutory decree in the other case might have been in their favor, there was nothing to do but to proceed as they did until by a final decree they were in a position to conclusively assert it. This certainly did not preclude them from bringing in that decree when it came, by which of necessity the other proofs were superseded; nor did it amount to a waiver to take them meanwhile, which, so far as the plaintiffs were concerned, could not well have been avoided. David Bradley Mfg. Co. v. Eagle Mfg. Co., 57 Fed. 980, 6 C. C. A. 661. If the defendants were thereby put to unnecessary expense, they have only themselves to blame for it. No effort was made to stop it by pleading the other suit in abatement, as they might have, and, having chosen to contest on the merits, as they did in the face of the interlocutory decree which had been rendered, they have no equity to urge now that the final decree, as they might have expected, has gone against them. As, then, the decision so made not only renders unnecessary, but precludes, any further examination of the questions passed upon, whatever the temptation be to go into them, the patent must be sustained, without more, and infringement found, and an accounting ordered.

Let a decree to that effect be drawn in favor of the plaintiffs, with costs.

