CHAMBERLIN METAL WEATHER STRIP CO. v. MONARCH WEATHER
STRIP & SUPPLY CO.

(Circuit Court of Appeals, Eighth Circuit.   May 1, 1911.)

No. 3,481.

1. PATENTS (§ 328*)—INVENTION—WEATHER STRIP.
     The Kenny patent, No. 694,062, for a weather strip designed as an im-
     provement upon the device of the Sims patent, No. 424,905, is void for
     lack of patentable invention.
2. PATENTS (§ 328*)—INFRINGEMENT—WEATHER STRIP.
     The Follansbee patent, No. 604,676, for a weather strip, *held* not in-
     fringed by the device of the Bowers patent, No. 805,155.

Appeal from the Circuit Court of the United States for the East-
ern District of Missouri.

Suit in equity by the Chamberlin Metal Weather Strip Company
against the Monarch Weather Strip & Supply Company.   Decree for
defendant, and complainant appeals.   Affirmed.

L. S. Bacon and F. R. Cornwall, for appellant.

James A. Carr (Henry A. Baker and Amasa M. Holcombe, on
the brief), for appellee.

Before HOOK, Circuit Judge, and WM. H. MUNGER and REED,
District Judges.

REED, District Judge.   This suit was brought by the appellant,
a Michigan corporation, in June, 1908, against the appellee, for an
alleged infringement of claims 1 and 2 of letters patent No. 694,062,
issued to it February 25, 1902, as assignee of Hugh E. Kenny, one
of its officers, on his application filed May 4, 1901; and claim 2 of
letters patent No. 604,676, issued to John Follansbee May 24, 1898,
and assigned to complainant March 17, 1900, both of which are for
alleged improvements in metal weather strips and guides for sliding
window sash, and for an injunction and accounting.   The defenses
are invalidity of the patents, and noninfringement.   The Circuit Court
dismissed the bill at complainant's costs, and it appeals.

[1] The appellant, or its predecessor, also acquired in July, 1897,
the ownership of letters patent No. 424,905, issued to A. C. Sims,
April 1, 1890, for a metal weather strip, and a combination thereof
with the frame and sliding sashes of a window.   Under that patent
it established and built up a large and profitable trade in the manu-
facture and sale of such weather strips, and, after the issuance to
it of the Kenny patent in suit, it continued the manufacture and sale
of the strips under one or both of said patents.   In the specification
of his patent Sims says that the invention relates to weather strips for
windows fitted with sliding sashes, and to this end it consists of the
peculiar construction and combination of the fixed frame or casing,
a metallic weather strip, and the sliding sashes substantially as de-
scribed; that the weather strip consists of sheet metal and is con-

structed preferably by bending a strip of zinc or other suitable metal upon itself so as to form a flat base and a rib raised therefrom longitudinally at right angles to the base, as illustrated; that the sides of the frame are recessed to receive the base of the strip so that the latter will lie flush with the inner sides of the casing; that the sash is provided with grooves in its outer edges to receive the projecting ribs of the strips; and that it will be seen from this that the projecting ribs fitted into the corresponding grooves in the sash, effectually exclude rain, snow, or dust, without interfering with the easy operation of the sash. The claims of the patent are:

"1. As an improved article of manufacture, a metallic weather strip consisting of a flat base and a longitudinally-raised part or rib at right angles to the flat base, said flat base being provided with a series of perforations on opposite sides of the rib, substantially as and for the purpose set forth."

Two is substantially the same.

"3. The combination of the frame or casing recessed on its inner sides, the metallic strips provided with flat bases and having projecting ribs extending centrally at right angles to the bases, the latter fitting in the recesses of the casing, and the sliding sash-frames grooved on opposite sides to receive the projecting ribs, substantially as set forth."

Kenny in the specification of his patent describes his invention as follows: The invention relates to certain improvements 'in weather strips of the class or kind in which a thin bead or rib of metal is secured to the window frame and projects into a groove formed in the outer edge of the sash; that its object is to so construct the rib and groove that ample bearing surfaces to effect a tight joint will be formed along the edge of the rib and sides closely adjacent thereto and the bottom of the groove, while the side walls of the groove will not bear against the rib, thereby avoiding any gripping of the ribs by the sash; that the weather strip may be conveniently formed by suitably bending upon itself a length of sheet metal of suitable width as described. The claims of the patent alleged to be infringed are:

"1. A combination of a window sash provided with longitudinal grooves in its edges and a metal weather strip consisting of a base and a rib formed integral with each other, portions of the rib between its edge and the base having a thickness less than the width of the groove, so that the rib will bear only along its edge or sides adjacent thereto against the bottom of the groove and sides adjacent thereto in the sash.

"2. A metal weather strip consisting of a base and rib formed integral with each other, the sides of the rib being undercut, substantially as set forth."

The Sims patent was adjudged valid in Solmson & Co. v. Bredin, 136 Fed. 187, 69 C. C. A. 203.

Appellant concedes that the Kenny patent is only for a specified improvement of the rib of the Sims weather strip, changing the shape or form thereof as indicated. If this change is not a patentable improvement upon the strip of Sims, then the Sims patent remains unchanged. The shape of the rib as originally made by Sims, and as modified by Kenny, is shown in cross-section in a cut of each as follows:

These cuts are from the brief of counsel for appellant, and are three or four times the actual size of the rib as made by appellant. It is claimed by appellant that in damp weather the window sash swells more at the outer edge of its grooves in which the ribs are fitted than it does in the deeper parts thereof, or near the apex of the rib, thereby causing a gripping of the rib as originally made by Sims at or near its base, and preventing the free movement of the sash thereon. Neither the specification, the drawings, nor the claims of the patent of either Sims or Kenny indicate any greater depth of the sash grooves than the width of the rib to be fitted therein. The rib of the strip as actually made by appellant extends only three-eighths of an inch from its base, but the sash groove into which it is fitted is made somewhat deeper.

**SIMS' STRIP.**

**KENNY'S STRIP.**

If it is true as claimed that the swelling of the sash causes a gripping of the rib at its base, this only indicates that there is inadequate room at the point where the sides of the rib and those of the sash groove contact to afford a free movement of the sash upon the rib under such conditions. Whether the groove be regarded as too small or the rib as too large is material only as suggesting the remedy for the difficulty, which is to provide additional room, either by enlarging the groove at its outer edge or lessening the size of the rib at its base. Surely it would occur to any ordinary workman confronted with such a situation that to either so enlarge the groove or diminish the size of the rib would overcome the difficulty. Kenny adopted the latter method, and claims it is a patentable improvement upon the rib of the Sims weather strip. But we are of opinion that he invented nothing new in changing the shape or form of the rib of the Sims weather strip as indicated, and that his patent therefor is void. The Sims patent expired April 1, 1907, and the appellee has made its weather strip since that time only.

[2] The Follansbee patent, No. 604,676, was issued May 24, 1898, and assigned to appellant March 17, 1900. It is said in the brief for appellant that:

"The Follansbee patent is an outgrowth of the early appreciation of the Sims type of strips. * * * That, while it has been included in the bill of complaint, it represents a structure that appellant has never regularly made, and that, while we feel that the question of infringement justified its addition to the bill, nevertheless the Kenny patent is the important patent in suit."

Appellant made formal proof of this patent and of its ownership of the same; and its expert testified that the weather strip as made by appellee, which is made under patent No. 805,155, to C. C. Bowers, November 21, 1905, responds to each and all of its claims. There are many patents for weather strips, and for improvements thereof, and it is not strange that the specifications describing some of them may respond to the claims of patents for others. The Bowers patent is seven years later than that to Follansbee, and presumptively it is for a different invention than that claimed by Follansbee. We have carefully examined the specifications and claims of the Follansbee and Bowers patents, and are satisfied that the Bowers strip as made by the appellee differs substantially in its construction and mode of operation from that described by Follansbee. The device of the Follansbee patent, if any was ever made, has not been produced in evidence, and we have not been afforded an opportunity of comparing the same with that as made by the appellee. Appellant frankly admits that it does not rely strongly upon the Follansbee patent, and we are of opinion that the device as described therein is not infringed by the appellee.

The decree of the Circuit Court is therefore affirmed.